IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KENNETH M. THOMPSON,<br><br>    Plaintiff,<br><br>vs.<br><br>RICK BROSSON,<br><br>    Defendant. | Case No. 3:06-cv-00038-TMB<br><br>ORDER TO DISMISS |

Kenneth M. Thompson, a state prisoner representing himself, has filed a civil rights complaint under 42 U.S.C. § 1983, claiming that the defendant has violated his constitutional rights by filing a lawsuit in his name and taking the proceeds of the recovery, along with an application to waive prepayment of the filing fee.[1] This Court is required to immediately screen Mr. Thompson's complaint, and to dismiss if the

---

[1] See Docket Nos. 1, 2. The form used by Mr. Thompson indicates that a prisoner's filing fee may be "waived." This form is incorrect, and is not in use by this Court. Under 28 U.S.C. § 1915(b), prisoners are required to pay the full federal court filing fee of $250.00 for their civil cases in installments.

action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[2]

As explained by the Fourth Circuit Court of Appeals, "screen[ing] out meritless cases" is necessary to prevent the abuse of "free access to the courts."[3] In conducting its review, the Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[4] Before a court may dismiss Mr. Thompson's complaint for failure to state a claim upon which relief may be granted, the Court must provide him with a statement of

---

[2] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(1) (screening prisoner civil rights actions); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (subsection (iii) requires "dismissal of in forma pauperis proceedings that seek monetary relief against immune defendants"); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (deny leave to proceed IFP "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit").

[3] *See Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995) (en banc), *cert. denied*, 116 S.Ct. 1273 (1996), following *Neitzke v. Williams*, 490 U.S. 319, 324-328 (1989).

[4] *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff. ... Additionally, in general, courts must construe *pro se* pleadings liberally."); *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999) (self-represented prisoner's claims must be liberally construed, and given the benefit of any doubt); *Ortez v. Washington County,* 88 F.3d 804, 807 (9th Cir. 1996).

the deficiencies in the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[5]  Here, amendment would be futile.

### Jurisdiction

As a federal court, this Court is a court of limited, as opposed to general, jurisdiction; it has authority to hear only specified classes of cases.  It is Mr. Thompson's burden, as the plaintiff, to show that this Court has jurisdiction to hear the claims.[6]  "To sustain a claim under § 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right."[7]  As explained by the United States Supreme Court, Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred."[8]

---

[5] *See Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) ("Futility of amendment ... frequently means that 'it was not factually possible for [plaintiff] to amend the complaint so as to satisfy the standing requirement.'") (citations excluded); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); *see also Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)"); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) ("Dismissal without leave to amend is proper only in 'extraordinary' cases.") (citation omitted).

[6] *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Hunter v. Kalt*, 66 F.3d 1002, 1005 (9th Cir. 1995).

[7] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citations omitted).

[8] *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)

This Court is not a court of appeals for state court decisions.[9] That is, Mr. Thompson cannot appeal an adverse state court decision to this Court.

In this case, amendment would be futile because the defendant is not a state actor.[10]

**IT IS HEREBY ORDERED** that:

1. This action is DISMISSED with prejudice.

2. This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).[11]

DATED this 2nd day of March, 2006, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge

---

[9] See *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) (citing, inter alia, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 476 (1983)) (a United States district court "has no authority to review the final determinations of a state court in judicial proceedings," even where the challenge to the state court decision involves federal constitutional issues)); *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) ("As courts of original jurisdiction ... federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings.").

[10] See Docket No. 1 at 2.

[11] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g)